UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| PERCY SHAW and GENEVA DAVIS, as Co-Personal Representatives of the ESTATE OF PORSHA SHAW, Deceased, PERCY SHAW, individually, and ANGELA SMITH, as Personal Representative of the ESTATE OF BRODERICK GREEN, Deceased,<br><br>   Plaintiffs,<br><br>-vs-<br><br>LONDON CARRIER, INC., a foreign corporation, and LARRY T. SHAW, and FIRST CHOICE CARRIERS, a business entity, jointly and severally,<br><br>   Defendants. | Case No. 1:08-cv-401<br><br>The Honorable Janet T. Neff<br>U.S. District Judge<br><br><br><br>Removed from:<br>Calhoun County Circuit Court<br>Case No. 08-475 NI<br>The Honorable Allen L. Garbrecht |
Thomas M. Lizza (P33378)
Fieger, Fieger & Kenney, P.C.
Attorney for Plaintiffs
19390 W. Ten Mile Road
Southfield, MI 48075
248.355.5555 ph / 248.355.5148 fx

Ronald C. Wernette, Jr. (P44744)
Greg W. Wix (P65424)
Bowman and Brooke LLP
Attorneys for First Choice Carriers
50 West Big Beaver Road
Suite 600
Troy, MI 48084
248.687.5300 ph / 248.743.0422 fx

Aaron D. Wiseley (P60464)
Holmes & Wiseley PC
Attorney for Defendant
London Carrier, Inc.
2090 Celebration Dr NE Ste 202
Grand Rapids, MI 49525
616.447.9610 ph / 616.447.9630 fx

### FIRST CHOICE CARRIER'S
### ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND RELIANCE ON JURY DEMAND

First Choice Carrier ("FCC"), by its attorneys Bowman and Brooke LLP, submits its Answer and Affirmative Defenses to Plaintiffs' First Amended Complaint as follows:

1. Plaintiffs, PERCY SHAW and GENEVA DAVIS, are the duly appointed co-personal representatives of the ESTATE OF PORSHA SHAW, and reside in Wayne County, MI.

**RESPONSE:** FCC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of plaintiffs' First Amended Complaint.

2. Plaintiff, ANGELA SMITH, is the duly appointed personal of the ESTATE OF BRODERICK GREEN and resides in Wayne County, MI.

**RESPONSE:** FCC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of plaintiffs' First Amended Complaint.

3. Defendant, LONDON CARRIER, INC, is a foreign corporation, doing business in the State of Michigan.

**RESPONSE:** FCC neither admits nor denies the allegations contained in paragraph 3 of plaintiffs' First Amended Complaint because these allegations do not pertain to it.

4. Defendant, LARRY T. SHAW, is a resident of Chatham, Ontario, Canada, doing business in the State of Michigan.

**RESPONSE:** FCC neither admits nor denies the allegations contained in paragraph 4 of plaintiffs' First Amended Complaint because these allegations do not pertain to it.

5. Defendant First Choice Carrier ("First Choice") is a business entity, form unknown to Plaintiff at this time, organized and existing under the laws of Canada, and maintains its principal place of business in London, Ontario, Canada. Defendant First choice is authorized to do, and does business in the State of Michigan.
**RESPONSE:** FCC admits it is incorporated in London Ontario Canada and does business in the United States.

6. The subject matter of this lawsuit is a semi-tractor trailer/automobile

collision occurring in Calhoun County, MI on or about October 15, 2007 on 1-94 eastbound 109 ft. east of 20 Mile Road.

**RESPONSE:** FCC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of plaintiffs' First Amended Complaint.

7.   The amount in controversy exceeds $75,000.00 exclusive of costs, fees, and interests.

**RESPONSE:** FCC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of plaintiffs' First Amended Complaint.

Wherefore, FCC respectfully requests that this Honorable Court dismiss plaintiffs' First Amended Complaint with prejudice and enter a judgment of no cause of action in favor of FCC including costs, expenses and attorney fees.

## FACTS

8.   On or about October 15, 2007, at approximately 8:30 p.m., LARRY T. SHAW was driving the semi-tractor trailer eastbound in the right lane on 1-94 in Calhoun County, MI.

**RESPONSE:** FCC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of plaintiffs' First Amended Complaint.

9.   BRODERICK T. GREEN was the driver of a 1993 Dodge Intrepid, eastbound on 1-94 in Calhoun County, MI.

**RESPONSE:** FCC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of plaintiffs' First Amended Complaint.

10. PORSHA SHAW was a passenger in the 1993 Intrepid being driven by BRODERICK GREEN.

**RESPONSE:** FCC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of plaintiffs' First Amended Complaint.

11. Defendant LARRY T. SHAW was driving eastbound in the 1996 blue Freightliner tractor trailer owned by LONDON CARRIER, INC. and operated while in the course and scope of his employment as a truck driver and despite seeing the rear tail lights of the Dodge Intrepid, he rear-ended the Intrepid at a high rate of speed and drove the truck over the rear of the Dodge Intrepid.

**RESPONSE:** FCC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of plaintiffs' First Amended Complaint.

12. At all times relevant to Plaintiffs' Complaint, Defendant, LONDON CARRIER, INC., was the owner of the 1996 Freightliner, vehicle registration 0262505, being driven by LARRY T. SHAW.

**RESPONSE:** FCC neither admits nor denies the allegations contained in paragraph 12 of plaintiffs' First Amended Complaint because these allegations do not pertain to it.

13. Defendant FIRST CHOICE was the registered owner of the 1995 utility trailer license number: ON/B8939T and VIN number: UTVS2484SM570401, being hauled by the 1996 Freightliner truck tractor involved in the collision described herein. The truck tractor and semi trailer referred to herein is in combination as the truck.

**RESPONSE:** FCC admits it owned the trailer VIN # 1UYVS2484SM570401. FCC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 13 of plaintiffs' First Amended Complaint.

14. Defendant FIRST CHOICE advertises itself as "trucking company", which specializes in truck load shipping from Canada to the United States.

**RESPONSE:** FCC admits that its website states that it specializes in truck load shipping from southern Ontario and Montreal to California, Utah, Arizona, Nevada, Texas, Florida, Oregon, Washington and all of the west coast.

    15.    Defendant FIRST CHOICE leased to Defendant LONDON CARRIER, the 1995 utility semi trailer involved in the collision described herein.

**RESPONSE:** Denied.

    16.    As a result of Defendant SHAW driving his tractor trailer over the rear of the Dodge Intrepid, the Dodge Intrepid became fully engulfed in fire as a result of the collision.

**RESPONSE:** FCC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of plaintiffs' First Amended Complaint.

    17.    As a result of the Dodge Intrepid being fully engulfed in flames, PORSHA SHAW and BRODERICK GREEN were burned to death.

**RESPONSE:** FCC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of plaintiffs' First Amended Complaint.

    18.    At all relevant times herein, Defendants LONDON CARRIER, FIRST CHOICE and LARRY SHAW were agents and/or employees of each other, and were acting in the course and scope and in furtherance of said agency and/or employment, or other capacity, so as to give rise to vicarious liability, each liable for the acts and omissions of the other, and each authorized, ratified, and adopted the acts of the other. Defendants LONDON CARRIER, FIRST CHOICE, and LARRY SHAW were partners and/or joint venturers with each other and were acting in furtherance of said partnership and/or joint venture.

**RESPONSE:** FCC denies any agency, employment, partnership or joint venture relationship with London Carriers and/or Larry Shaw. FCC also denies any authorization, ratification or adoption of any acts of London Carriers and/or Larry Shaw. FCC neither admits nor denies the remaining allegations contained in paragraph 18 of

plaintiffs' First Amended Complaint because these allegations do not pertain to it or are conclusions of law to which no answer in required.

19. As a result of the subject collision, PORSHA SHAW and BRODERICK GREEN suffered fright and shock, emotional and mental distress, conscious pain and suffering, multiple other injuries and death, as a result of being burned to death.

**RESPONSE:** FCC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of plaintiffs' First Amended Complaint.

20. Ultimately, PORSHA SHAW and BRODERICK GREEN died as result of being burned to death on October 15, 2007.

**RESPONSE:** FCC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of plaintiffs' First Amended Complaint.

Wherefore, FCC respectfully requests that this Honorable Court dismiss plaintiffs' First Amended Complaint with prejudice and enter a judgment of no cause of action in favor of FCC including costs, expenses and attorney fees.

## COUNT I

## NEGLIGENCE – LARRY T. SHAW

21. Plaintiffs restate and re-allege the allegations contained in paragraphs 1 – 20, above, as though fully set forth herein.

**RESPONSE:** FCC incorporates its answers to paragraphs 1 through 20.

22. At all times material and relevant to Plaintiffs' Complaint, LARRY T. SHAW owed a duty to PORSHA SHAW and BRODERICK GREEN to act with ordinary care for the safety and protection of PORSHA SHAW and BRODERICK GREEN.

**RESPONSE:** FCC neither admits nor denies the allegations contained in paragraph 22 of plaintiffs' First Amended Complaint because these allegations do not pertain to it.

23. At all times material and relevant to Plaintiffs' Complaint, LARRY T. SHAW, owed a duty to PORSHA SHAW and BRODERICK GREEN to obey all motor vehicle laws, statutes and ordinances of the State of Michigan, to obey all common law relative to the operation of an automobile and to act as a reasonably careful person would act under the same or similar circumstances.

**RESPONSE:** FCC neither admits nor denies the allegations contained in paragraph 23 of plaintiffs' First Amended Complaint because these allegations do not pertain to it.

24. At all times material and relevant to Plaintiffs' Complaint, LARRY T. SHAW breached his duties in the following ways:

   a. Careless driving and/or reckless driving;
   b. Driving at an excessive rate of speed;
   c. Driving while intoxicated and/or impaired by the consumption of illegal drugs and/or prescription drugs;
   d. Failure to stop within an assured clear distance ahead;
   e. Failure to use due care and caution;
   f. Failure to drive as a reasonable and prudent person under the same or similar circumstances
   g. Failure to brake in time to avoid rear-ending the vehicle directly ahead of him.
   h. Failure to make proper observation of the road ahead;
   i. Operating a tractor trailer in excess of the permissible number of hours, as set by Federal standards, causing him to become inattentive to the roadway;
   j. Failure to keep the proper distance between vehicles;
   k. Driving too fast for conditions and; Any and all other acts of negligence determined through discovery.

**RESPONSE:** FCC neither admits nor denies the allegations contained in paragraph 24, including all subparagraphs, of plaintiffs' First Amended Complaint because these allegations do not pertain to it.

25. As a direct and proximate result of the negligence of LARRY T. SHAW as described above, PORSHA SHAW suffered multiple and horrific injuries and death and the following damages, including but not limited to the following:

   a. Conscious pain and suffering of being burned to death;
   b. Mental and emotional damages;
   c. Fright and shock and the fear of impending death;
   d. Horror;
   e. Loss of love, society and companionship for PORSHA SHAW'S

                              family members;
- f. Loss of services, support and gifts;
- g. Reasonable funeral and medical bills;
- h. All other damages allowable under the Michigan Wrongful Death Act under the circumstances of this case.

**RESPONSE:** FCC neither admits nor denies the allegations contained in paragraph 25, including all subparagraphs, of plaintiffs' First Amended Complaint because these allegations do not pertain to it.

26. As a direct and proximate result of the negligence of LARRY T. SHAW as described above, BRODERICK GREEN suffered terrible injuries and damages including but not limited to the following:

- a. Conscious pain and suffering of being burned to death;
- b. Mental and emotional damages;
- c. Fright and shock and the fear of impending death;
- d. Horror;
- e. Loss of love, society and companionship for PORSHA SHAW'S family members;
- f. Loss of services, support and gifts;
- g. Reasonable funeral and medical bills;
- h. All other damages allowable under the Michigan Wrongful Death Act under the circumstances of this case.

**RESPONSE:** FCC neither admits nor denies the allegations contained in paragraph 26, including all subparagraphs, of plaintiffs' First Amended Complaint because these allegations do not pertain to it.

Wherefore, FCC respectfully requests that this Honorable Court dismiss plaintiffs' First Amended Complaint with prejudice and enter a judgment of no cause of action in favor of FCC including costs, expenses and attorney fees.

## COUNT II

## OWNER LIABILITY – DEFENDANT LONDON CARRIER, INC.

27. Plaintiffs restate and re-allege the allegations contained in paragraphs 1 – 26 above, as though fully set forth herein.

**RESPONSE:** FCC incorporates its answers to paragraphs 1 through 26.

28. At all times material and relevant to Plaintiffs' Complaint, LONDON CARRIER, INC., was the owner of the vehicle driven by LARRY T. SHAW, on or about October 15, 2007.

**RESPONSE:** FCC neither admits nor denies the allegations contained in paragraph 28 of plaintiffs' First Amended Complaint because these allegations do not pertain to it.

29. At all times material and relevant to Plaintiffs' Complaint, LARRY T. SHAW had LONDON CARRIER, INC.'s permission to use and/or drive the subject vehicle.

**RESPONSE:** FCC neither admits nor denies the allegations contained in paragraph 29 of plaintiffs' First Amended Complaint because these allegations do not pertain to it.

30. At all times material and relevant to Plaintiffs' Complaint, LARRY T. SHAW was operating the vehicle in the course and scope of his employment as a truck driver for LONDON CARRIER, INC.

**RESPONSE:** FCC neither admits nor denies the allegations contained in paragraph 30 of plaintiffs' First Amended Complaint because these allegations do not pertain to it.

31. Pursuant to Michigan law, i.e., Michigan Owner's Liability Statute, MCL 257.401, LONDON CARRIER, INC. is civilly liable and/or responsible for any and all injuries or damages caused by the negligence of LARRY T. SHAW.

**RESPONSE:** FCC neither admits nor denies the allegations contained in paragraph 31 of plaintiffs' First Amended Complaint because these allegations do not pertain to it.

32. There are no statutory or common law defenses available to LONDON CARRIER, INC.

**RESPONSE:** FCC neither admits nor denies the allegations contained in paragraph 32 of plaintiffs' First Amended Complaint because these allegations do not pertain to it.

Wherefore, FCC respectfully requests that this Honorable Court dismiss plaintiffs' First Amended Complaint with prejudice and enter a judgment of no cause of action in favor of FCC including costs, expenses and attorney fees.

## COUNT III

### NEGLIGENCE – DEFENDANT FIRST CHOICE CARRIER

33.  Plaintiffs restate and re-allege the allegations contained in paragraphs 1 – 32 above, as though fully set forth herein.

**RESPONSE:** FCC incorporates its answers to paragraphs 1 through 32.

34.  Defendant FIRST CHOICE owed a duty of due care to other drivers, and to Plaintiffs' decedents in particular, to obey state and federal regulations with regard to the safe and lawful operation of a commercial motor vehicle on interstate highway. The conduct of Defendant First Choice was negligent, careless, unlawful, and reckless in that, among other things, FIRST CHOICE was negligent in the following ways:

> a)  hired, trained, controlled, supervised, managed and retained Defendant Larry Shaw;
> b)  was the registered owner of the trailer;
> c)  entrusted the trailer to Defendant Larry Shaw;
> d)  failed to train, retrain, monitor, correct, discipline, and/or reprimand Defendant Larry Shaw;
> e)  failed to properly inspect and maintain the trailer;
> f)  failed to obey state vehicle codes and federal statutes and regulations with regard to the trailer.

**RESPONSE:**

(a) Denied

(b)  FCC admits it owned the trailer VIN # 1UYVS2484SM570401.

(c) – (f) Denied.

The remaining allegations in paragraph 34 of plaintiffs' First Amended Complaint

are neither admitted nor denied for the reason that they are conclusions of law to which no response is required. To the extent an answer is required, FCC admits only those duties arising under applicable law, but denies those duties are accurately described in paragraph 34.

35. That as a direct and proximate result of the conduct of each of Defendant, FIRST CHOICE, Plaintiffs' decedents sustained pre-impact and post-impact fright and terror, severe emotional distress, conscious pain and suffering, fear of imminent serious harm and impending death, and severe physical injuries, being burned to death.

**RESPONSE:** To the extent that the allegations in paragraph 35 pertain to FCC, FCC denies the allegations in paragraph 35 because they are untrue.

36. As a direct and proximate result of the negligence of LARRY T. SHAW as described above, PORSHA SHAW suffered multiple and horrific injuries and death and the following damages, including but not limited to the following:

    a.    Conscious pain and suffering of being burned to death;
    b.    Mental and emotional damages;
    c.    Fright and shock and the fear of impending death;
    d.    Horror;
    e.    Loss of love, society and companionship for PORSHA SHAW'S family members;
    f.    Loss of services, support and gifts;
    g.    Reasonable funeral and medical bills;
    h.    All other damages allowable under the Michigan Wrongful Death Act under the circumstances of this case.

**RESPONSE:** FCC neither admits nor denies the allegations contained in paragraph 36, including all subparagraphs, of plaintiffs' First Amended Complaint because these allegations do not pertain to it.

37. As a direct and proximate result of the negligence of LARRY T. SHAW as described above, BRODERICK GREEN suffered terrible injuries and damages including but not limited to the following:

    a.    Conscious pain and suffering of being burned to death;
    b.    Mental and emotional damages;
    c.    Fright and shock and the fear of impending death;
    d.    Horror;

  e. Loss of love, society and companionship for PORSHA SHAW'S family members;
  f. Loss of services, support and gifts;
  g. Reasonable funeral and medical bills;
  h. All other damages allowable under the Michigan Wrongful Death Act under the circumstances of this case.

**RESPONSE:** FCC neither admits nor denies the allegations contained in paragraph 37, including all subparagraphs, of plaintiffs' First Amended Complaint because these allegations do not pertain to it.

Wherefore, FCC respectfully requests that this Honorable Court dismiss plaintiffs' First Amended Complaint with prejudice and enter a judgment of no cause of action in favor of FCC including costs, expenses and attorney fees.

## COUNT IV

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS – PERCY SHAW

  38. Plaintiffs restate and re-allege the allegations contained in paragraphs 1 – 37 above, as though fully set forth herein.

**RESPONSE:** FCC incorporates its answers to paragraphs 1 through 37.

  39. PERCY SHAW is the father of PORSHA SHAW, deceased.

**RESPONSE:** FCC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of plaintiffs' First Amended Complaint.

  40. PERCY SHAW witnessed the Defendants' negligence as described above.

**RESPONSE:** FCC denies the allegations in paragraph 40 because they are untrue.

  41. PERCY SHAW witnessed his daughter PORSHA SHAW being burned to death.

**RESPONSE:** FCC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of plaintiffs' First Amended Complaint.

    42.    PERCY SHAW witnessed his daughter PORSHA SHAW's pre-death conscious pain and suffering and fright and shock as she was trapped in the Intrepid and being burned to death.

**RESPONSE:** FCC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of plaintiffs' First Amended Complaint.

    43.    PERCY SHAW suffered shock, fear, emotional pain and distress.

**RESPONSE:** FCC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of plaintiffs' First Amended Complaint.

    44.    PERCY SHAW suffered and will continue to suffer physical symptoms, including, but not limited to:

        a.    Nightmares;
        b.    Physical pain;
        c.    Anxiety;
        d.    Fear;
        e.    Headaches;
        f.    Stomach pain;
        g.    Depression;
        h.    Any other injuries that may be revealed during the course of discovery.

**RESPONSE:** FCC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44, including all subparagraphs, of plaintiffs' First Amended Complaint.

Wherefore, FCC respectfully requests that this Honorable Court dismiss plaintiffs' First Amended Complaint with prejudice and enter a judgment of no cause of action in favor of FCC including costs, expenses and attorney fees.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense
### (Failure to State a Claim)

Plaintiffs' First Amended Complaint fails to state a claim upon which relief can be granted. Therefore, FCC demands judgment as a matter of law.

### Second Affirmative Defense
### (Superseding Cause)

All of the injuries and damages allegedly sustained by plaintiffs may have been caused by the acts or omissions of persons other than FCC, which intervened between FCC's alleged acts and conduct and plaintiffs' alleged injuries and damages, and which superseded FCC's alleged acts and conduct, thereby barring plaintiffs from any recovery from FCC. See MCLA 600.2947, 2948, 6304 and 2957.

### Third Affirmative Defense
### (Sole Proximate Cause)

Plaintiffs' own negligence may have been the sole and/or contributory cause of the occurrence set forth in the First Amended Complaint; therefore, plaintiffs may be barred from recovery.

### Fourth Affirmative Defense
### (Mitigation of Damages)

Plaintiffs may have failed to mitigate their damages by failing to take all reasonable care to minimize their injuries and the consequences there from.

### Fifth Affirmative Defense
### (Failure to Wear Seat Belt)

Plaintiffs may have failed to properly utilize the restraint systems available in the vehicle, in violation of Michigan law, constituting negligence per se.

### Sixth Affirmative Defense
### (Comparative Negligence)

Plaintiffs' alleged injuries and damages, if any, may have resulted in whole or in part from their own negligence. The negligence of Broderick Green, Porsha Shaw and Percy Shaw, which negligence includes, by way of illustration and not limitation:

a) Failure to yield the right of ways;

b) Not traveling at the minimum posted speed limit;

c) Failure to obey traffic control devices;

d) Operating a motor vehicle without due care and caution;

e) Failure to maintain a proper lookout;

f) Driving while having a suspended driver's license;

g) Improperly maintaining their vehicles and operating said poorly maintained vehicles on a public roadway in violation of Michigan statutes, local ordinances, as well as the common law;

h) Negligently entrusting their vehicles to incompetent operators in violation of the common law as well as owner's liability under MCLA 257.401; and

i) Operating their vehicles on a public roadway below the minimum posted speed limit without having any form of hazard warnings illuminated or visible to other drivers.

### Seventh Affirmative Defense
### (Statutory Defenses)

Plaintiffs' claims are barred, in whole or in part, by the Michigan statute, including but not limited to MCL 500.3135(2)(b), 500.3135(2)(c) and 600.2955a (1).

### Eighth Affirmative Defense
### (Statute of Limitations, Waiver, Estoppel, Etc.)

Plaintiffs' Complaint may be barred by release, waiver, estoppel, immunity granted by operation of law, statute of limitations and/or laches.

### Ninth Affirmative Defense
### (Tort Reform)

FCC claims the rights, privileges and immunities of the Tort Reform Act, including but not limited to barring all non-economic damages of the plaintiffs' decedents and Percy Shaw as their comparative fault is greater than 50 percent.

### Tenth Affirmative Defense
### (Joint and Several Liability)

FCC's liability, if any, will be several, not joint.  MCLA 600.2957(1).

### Eleventh Affirmative Defense
### (Personal Jurisdiction)

That this Court has no personal jurisdiction over FCC.

### Twelfth Affirmative Defense
### (Improper Venue)

That venue is not proper for this action.  The accident took place in Calhoun County which is the proper venue.

### Thirteenth Affirmative Defense
### (Invalid Appointment)

The plaintiffs' personal representatives have been improperly appointed, and therefore lack standing and/or the capacity to sue.

## Fourteenth Affirmative Defense
### (Lack of Serious Impairment)

The claims of Percy Shaw are barred as Percy Shaw has not sustained a serious impairment of bodily function.

## RESERVATION OF RIGHTS

FCC gives notice that it intends to rely upon other affirmative defenses that may become available or apparent during the course of the investigation, discovery and/or trial and reserves the right to amend this answer to assert any such defense or to conform to the evidence and the right to file such counter claims, cross-claims and/or third-party complaints as may be appropriate.

::ODMA\PCDOCS\DET\194646\1

## **RELIANCE UPON JURY DEMAND**

First Choice Carrier demands a jury trial on all issues and relies upon the jury demand previously filed with respect to the above-captioned cause of action.

                               Bowman and Brooke LLP

               By:   <u>s/ Gregory W. Wix</u>
                          Ronald C. Wernette, Jr. (P44744)
                          Gregory W. Wix (P65424)
                          Attorneys for First Choice Carrier
                          50 West Big Beaver Road, Suite 600
                          Troy, MI 48084
                          248.687.5300
                          Email:  <u>greg.wix@det.bowmanandbrooke.com</u>

## CERTIFICATE OF SERVICE

I certify that on January 20, 2009, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Thomas M. Lizza (P33378)
Fieger, Fieger & Kenney, P.C.
Attorney for Plaintiffs
19390 W. Ten Mile Road
Southfield, MI  48075
248.355.5555 ph / 248.355.5148
t.lizza@fiegerlaw.com

Aaron D. Wiseley (P60464)
Holmes & Wiseley PC
Attorney for Defendant
London Carrier, Inc.
2090 Celebration Dr NE Ste 202
Grand Rapids, MI  49525
616.447.9610 ph / 616.447.9630 fx
awiseley@holmeswiseley.com

Bowman and Brooke LLP

By:  s/ Gregory W. Wix
Ronald C. Wernette, Jr. (P44744)
Gregory W. Wix (P65424)
Attorneys for First Choice Carrier
50 West Big Beaver Road, Suite 600
Troy, MI 48084
248.687.5300
Email:  greg.wix@det.bowmanandbrooke.com