UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PERCY SHAW and GENEVA DAVIS,
as Co-Personal Representatives of the
ESTATE OF PORSHA SHAW,
Deceased, PERCY SHAW,
individually,
and ANGELA SMITH, as Personal
Representative of the ESTATE OF
BRODERICK GREEN, Deceased,

    Plaintiffs,

-vs-

LONDON CARRIER, INC., a foreign
corporation, and LARRY T. SHAW,
and FIRST CHOICE CARRIERS, a
business entity,
    Defendants.

Case No. 1:08-cv-401

The Honorable Janet T. Neff
U.S. District Judge

**DEFENDANT FIRST CHOICE CARRIERS' MOTION TO STRIKE ALL OF PLAINTIFFS' EXPERTS**

Thomas M. Lizza (P33378)
Fieger, Fieger & Kenney, P.C.
Attorney for Plaintiffs
19390 W. Ten Mile Road
Southfield, MI 48075
248.355.5555 ph / 248.355.5148 fx

Ronald C. Wernette, Jr. (P44744)
Greg W. Wix (P65424)
Bowman and Brooke LLP
Attorneys for First Choice Carriers
50 West Big Beaver Road, Ste 600
Troy, MI 48084
248.687.5300 ph / 248.743.0422 fx

Aaron D. Wiseley (P60464)
Holmes & Wiseley PC
Attorney for Defendant
London Carrier, Inc.
2090 Celebration Dr NE Ste 202
Grand Rapids, MI 49525
616.447.9610 ph / 616.447.9630 fx

::ODMA\PCDOCS\DET\195529\1

## DEFENDANT FIRST CHOICE CARRIERS' MOTION TO STRIKE ALL OF PLAINTIFFS' EXPERTS

1. This lawsuit was removed from Calhoun County Circuit Court to this Court on April 30, 2008.

2. The Case Management Order ("CMO") was entered November 6, 2008, and required the then Plaintiffs and Defendants[1] to disclose the name, address, area of expertise and <u>a short summary of expected testimony</u> from their experts on or before January 2, 2009. See Docket # 20.

3. The Plaintiffs served noncompliant disclosures (expert witness list) three days late on January 5, 2009, that did not include a short summary of the expert's expected testimony. See **Exhibit 1**.[2]

4. On January 21, 2009, First Choice Carrier ("FCC") informed Plaintiffs that their disclosures did not provide a short summary of expected testimony as required by the CMO and requested that a short summary be provided. See **Exhibit 2**.

5. On January 21, 2009, Plaintiffs informed FCC that FCC's request for Plaintiffs to comply with the CMO and provide a short summary of expected expert testimony was "obviated" because expert reports were due on February 2, 2009. See **Exhibit 3**.

6. Not only have Plaintiffs denied a reasonable request from FCC to obey the Court's CMO, they have essentially stated that the expert disclosures ordered by the Court can be ignored completely because they may eventually serve expert reports.

---

[1] First Choice Carrier was added to this case after entry of the CMO, and was not served with Plaintiffs' First Amended Complaint until January 7, 2009.
[2] Plaintiffs actually served two expert disclosures/witness lists. Both are attached in exhibit 1.

7. Plaintiffs' blatant disregard of this Court's order is contrary to the Federal Rules of Civil Procedure and they should be sanctioned. See, Fed. R. Civ. P. 37.

WHEREFORE, Defendant FCC moves this Court for an Order striking all of Plaintiffs' experts due to their refusal to comply with this Court's CMO.

### BRIEF IN SUPPORT

I. **Issue Presented**

Whether Plaintiffs' experts should be stricken due to Plaintiffs' refusal to comply with this Court's Case Management Order.

FCC responds:yes

II. **Legal Authority**

The Case Management Order ("CMO") was entered November 6, 2008, and required the then Plaintiffs and Defendants[3] to disclose the name, address, area of expertise and a short summary of expected testimony from their experts on or before January 2, 2009. See Docket # 20.

When a party fails to comply with a court order sanctions are appropriate. Specifically, Fed. R. Civ. P. 37(b)(2)(A)(i-iv) provides, in part:

> **(b) Failure to Comply with a Court Order.**
>
> **(2)** *Sanctions in the District Where the Action Is Pending.*
>
> **(A)** *For Not Obeying a Discovery Order.* If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:

---

[3] First Choice Carrier was added to this case after entry of the CMO, and was not served with Plaintiffs' First Amended Complaint until January 7, 2009.

**(i)** directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

**(ii)** prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

**(iii)** striking pleadings in whole or in part;

**(iv)** staying further proceedings until the order is obeyed;

**(v)** dismissing the action or proceeding in whole or in part;

**(vi)** rendering a default judgment against the disobedient party; or

In this case, it is undisputed that Plaintiffs failed to comply with this Court's CMO.

### III.   Argument

**1.   Plaintiffs' Refusal to Obey This Court's CMO Should be Sanctioned**

As, noted above, the Plaintiffs served a noncompliant disclosure (expert witness list) three days late on January 5, 2009, that did not include a short summary of the expert's expected testimony. See **Exhibit 1**. On January 21, 2009, FCC informed Plaintiffs that their disclosures did not provide a short summary of expected testimony as required by the CMO. See **Exhibit 2**. On January 21, 2009, Plaintiffs informed FCC that FCC's request for Plaintiffs to comply with the CMO and provide a short summary of expected expert testimony was "obviated" because expert reports were due on February 2, 2009. See **Exhibit 3**.

Plaintiffs denied a reasonable request from FCC to obey the Court's CMO. They are essentially stating that the expert disclosures ordered by this Court can be ignored completely because they may eventually serve expert reports. This blatant disregard of

this Court's order is contrary to the Federal Rules of Civil Procedure and must be sanctioned. See, Fed. R. Civ. P. 37.

## IV. Conclusion

WHEREFORE, Defendant FCC moves this Court for an Order striking all of Plaintiffs' experts due to their refusal to comply with this Court's CMO.

                        Bowman and Brooke LLP

By:   s/ Gregory W. Wix
       Ronald C. Wernette, Jr. (P44744)
       Gregory W. Wix (P65424)
       Attorneys for First Choice Carrier
       50 West Big Beaver Road, Suite 600
       Troy, MI 48084
       248.687.5300
       Email: greg.wix@det.bowmanandbrooke.com

## CERTIFICATE OF SERVICE

I certify that on January 26, 2009, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Thomas M. Lizza (P33378) | Aaron D. Wiseley (P60464) |
| Fieger, Fieger & Kenney, P.C. | Holmes & Wiseley PC |
| Attorney for Plaintiffs | Attorney for Defendant |
| 19390 W. Ten Mile Road | London Carrier, Inc. |
| Southfield, MI 48075 | 2090 Celebration Dr NE Ste 202 |
| 248.355.5555 ph / 248.355.5148 | Grand Rapids, MI 49525 |
| t.lizza@fiegerlaw.com | 616.447.9610 ph / 616.447.9630 fx |
| | awiseley@holmeswiseley.com |

Bowman and Brooke LLP

By: s/ Gregory W. Wix
Ronald C. Wernette, Jr. (P44744)
Gregory W. Wix (P65424)
Attorneys for First Choice Carrier
50 West Big Beaver Road, Suite 600
Troy, MI 48084
248.687.5300
Email: greg.wix@det.bowmanandbrooke.com