UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PERCY SHAW, et al.,

    Plaintiffs,

v

LONDON CARRIERS, INC., et al.,

    Defendants.
_____/

Case No. 1:08-cv-401

HON. JANET T. NEFF

## **MEMORANDUM OPINION**

Pending before the Court is plaintiffs' December 9, 2009 objection to the Magistrate Judge's November 24, 2009 Memorandum Opinion and Order granting the motion of defendant First Choice Carrier to disqualify the law firm of Fieger, Fieger, Kenney, Johnson & Giroux, P.C. (the Fieger firm) from further representation of plaintiffs in this wrongful death action (Dkt 82). Defendant First Choice Carrier filed a response to plaintiffs' objection (Dkt 83). For the reasons that follow, plaintiffs' objection is denied.

This matter is before the Court pursuant to FED. R. CIV. P. 72(a) and W.D. Mich. LCivR 72.3(a). This Court reviews a magistrate judge's order to determine whether "it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

The Magistrate Judge held that attorney Gregory Wix is disqualified from representing plaintiffs in this action by the clear provisions of MICH. R. PROF'L CONDUCT 1.9(a) (Dkt 78 at 6-7). The Magistrate Judge also held that Wix's association with the Fieger firm made the firm subject to the imputed disqualification rule embodied in MICH. R. PROF'L CONDUCT 1.10 (*id.,* 7-15). The

Magistrate Judge found that the association of attorney Wix with the Fieger firm created "a rebuttable presumption of shared confidences" and that to rebut the presumption, it was necessary for the Fieger firm to show *both* (1) that Wix was screened from any participation in the matter and receives no part of the fee *and* (2) that written notice has promptly been given to this Court to enable it to ascertain compliance with the provisions of the rule (*id.,* 8). The Magistrate Judge concluded that the Fieger firm bore its burden of showing compliance with the first requirement but not the second, inasmuch as the Fieger law firm did not give any notice to this Court, written or oral, regarding the conflict of interest caused by Wix's employment with that firm.

In their objection to the Magistrate Judge's decision, plaintiffs reiterate an argument the Magistrate Judge rejected, to wit: that defendant FCC "waived its right to seek disqualification by having knowledge, but waiting several months to file its motion." Consistent with the decision of another district court facing this issue, the Magistrate Judge stated that the obligation to comply with the ethical rules is squarely on the infected firm, not on the opponent (Dkt 78 at 14). Accordingly, the Magistrate Judge concluded that "FCC is not guilty of some sort of waiver in allowing reasonable time for the Fieger firm to abide by its ethical obligations" (*id.*).

Plaintiffs' objection demonstrates their disagreement with the Magistrate Judge's analysis and conclusion but not any error by the Magistrate Judge. Indeed, plaintiffs reference no language in the applicable rule nor any case law construing the rule that would support a contrary resolution of their waiver argument. Plaintiffs have simply not shown that the Magistrate Judge's decision is either clearly erroneous or contrary to law, and the Court therefore denies their objection.

An Order consistent with this Memorandum Opinion will be entered.


Date: March 1, 2010                              /s/ Janet T. Neff
                                                JANET T. NEFF
                                                United States District Judge